IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNSON DUSTIN WOMBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13cv607-TFM |
| ) | [WO] |
| ) | |
| LEON FORNISS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Justin Dustin Womble ("Womble"), filed this 42 U.S.C. § 1983 action on August 12, 2013, in the Circuit Court of Elmore County, Alabama, challenging the adequacy of medical treatment provided to him for chronic hematuria during his incarceration at Staton Correctional Facility ("Staton"). Womble names Warden Leon Forniss ("Defendant Forniss") and Corizon, Inc., formerly doing business as Correctional Medical Services ("Corizon"), as defendants. Womble seeks compensatory and punitive damages.

The defendants timely removed the action to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. The court has jurisdiction of this case on that basis. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Now pending before the court is the Motion for Summary Judgment filed by Defendant Forniss. (Doc. No. 19). Upon consideration of the Motion, the Response, and the evidentiary materials filed in support thereof, the court concludes that the Motion for Summary Judgment is due to be granted in part and denied in part.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][1] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine [dispute] as to any material fact and that the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of

---

[1] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the defendant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to her case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine [dispute] for trial."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City*

*of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact).

### III.  DISCUSSION

**A. The Failure to Train and Supervise Medical Personnel**

Womble asserts Defendant Forniss negligently, intentionally, and/or deliberately failed to train and supervise "those responsible for providing Womble with necessary medical treatment" at Staton. (Pl's Comp., pp. 5, 8). To the extent Womble asserts Defendant Forniss failed to train or supervise medical personnel, the assertions against the Warden entitle Womble to no relief.

> The law does not impose upon correctional officials a duty to directly supervise health care personnel, to set treatment policy for the medical staff or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong. *See Vinnedge v. Gibbs*, 550

> F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against managing officers of a prison absent allegations that they were personally connected with the alleged denial of treatment). Moreover, "supervisory [correctional] officials are entitled to rely on medical judgments made by medical professionals responsible for prisoner care. *See, e.g., Durmer v. O'Carroll*, 991 F.2d 64, 69 (3rd Cir. 1993); *White v. Farrier*, 849 F.2d 322, 327 (8th Cir. 1988)." *Williams v. Limestone County, Ala.*, 198 Fed.Appx. 893, 897 (11th Cir. 2006).

*Cameron v. Allen, et al.*, 525 F.Supp.2d 1302, 1307 (M.D. Ala. 2007). The court therefore concludes that Womble has failed to present a genuine dispute of material fact with respect to his claim that Defendant negligently, intentionally, and/or deliberately failed to train or supervise medical personnel. The Motion for Summary Judgment on this claim is due to be granted in favor of Defendant Forniss.

      **C.**     **The Failure to Intervene or Grant a Transfer Request**

Womble contends that Defendant Forniss acted negligently and with deliberate indifference to his health when he failed to intervene regarding the medical treatment provided by Corizon medical personnel for his chronic hematuria. Specifically, he asserts that Defendant Forniss should have ensured that he receive additional medical treatment, such as a cystoscopy, and that his failure to transfer him to a medical specialist outside Staton Correctional Facility delayed his diagnosis of Grade II papillary transitional cell carcinoma.

"Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are

not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (supervisory official "can have no respondeat superior liability for a section 1983 claim."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), *citing Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677, 129 S.Ct. 1949. Thus, liability for medical treatment provided to Womble could attach to Defendant Forniss only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360.

Womble asserts that Defendant Forniss was personally aware of his medical problem and that his medical requests and grievances were ignored by both medical and prison officials and that the warden refused to grant a transfer to an outside specialists despite the medical staff's recommendation. At this juncture, the court is unable to make a determination whether Defendant Forniss acted with deliberate indifference to Womble's health by failing to intervene and/or by refusing to transfer him to a medical specialist outside the prison because the record is insufficiently developed. As support for his Motion for

Summary Judgment, Defendant Forniss provides nothing more than his own affidavit and select parts of his and Womble's deposition transcript. During the plaintiff's deposition, Womble stated that, in addition to filing grievances and sick call slips, he approached Defendant Forniss in the prison yard on at least two occasions and "expressed that . . . I had been experiencing pain, blood in the urine, I had been through all of the proper procedures of sick calls, grievances, I had spoke with various people, I wasn't getting any results [and] could he help in the matter." (Pl's Affid., p. 100). Defendant Forniss testified that the Warden is responsible for ensuring that the appropriate protocol is in place in order for inmates to request medical treatment. Specifically, Defendant Forniss stated that his responsibility "to ensure that [prisoners] get medical treatment is to ensure that they follow proper protocol to get medical treatment. We make sure it's available for them." (Def's Dep., p. 8). He explained that the proper protocol is for an inmate to complete a sick call request slip and, "[i]f they felt that didn't get [the appropriate protocol], then they have other protocols they can follow as well," such as the grievance procedure. (*Id*., pp. 10-11). In addition, he acknowledged that a prison medical provider notifies the Warden before sending a prisoner "somewhere else." (*Id*., p. 26). Despite testimony indicating it is the Warden's responsibility to ensure that a certain protocol is in place, Defendant Warden provided no evidentiary materials, such as the plaintiff's medical request slips, grievances, or other documentation traditionally provided in cases where claims of deliberate indifference are asserted against prison officials, as support for his position that the appropriate procedures were implemented by prison staff, were available to Womble, and were or were not

7

exhausted. The evidentiary materials are simply too deficient for the court to make an educated decision at this time. This court therefore concludes that Defendant Forniss has failed to demonstrate that he is entitled to judgment as a matter of law and the Motion for Summary Judgment with respect to Womble's claims that Defendant Forniss acted with deliberate indifference to his health by failing to intervene and/or grant a transfer to a medical specialist outside the facility is due to be denied at this time.

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

(1) The Motion for Summary Judgment with respect to Womble's claim that Defendant Forniss acted negligently and with deliberate indifference to his health by failing to supervise or train medical staff be GRANTED in favor of Defendant Forniss.

(2) The Motion for Summary Judgment with respect to the remaining claims be DENIED at this time.

Done this 25th day of August, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE